# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: _____ |
| v. | : | DATE FILED: _____ |
| NENAD ILIC | : | VIOLATION: |
| | : | 46 U.S.C. §§ 70506(b), 70503(a)(1) & 21 U.S.C. § 960(b)(1)(B) (conspiracy to |
| | : | possess with intent to distribute 5 kilograms or more of cocaine on a vessel |
| | : | subject to the jurisdiction of the United States - 1 count) |
| | : | Notice of forfeiture |

## INDICTMENT

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

Beginning in or around late 2018 or early 2019 until on or about June 17, 2019, on the high seas, elsewhere, and in Philadelphia, in the Eastern District of Pennsylvania, defendant

## NENAD ILIC

conspired and agreed, with others known and unknown to the grand jury, to knowingly and intentionally possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, on board the Motor Vessel MSC Gayane, a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70503(a)(1), and Title 21, United States Code, Section 960(b)(1)(B).

## MANNER AND MEANS

It was a part of the conspiracy that:

1. The Motor Vessel (M/V) MSC Gayane is a large commercial shipping vessel that holds thousands of shipping containers and transports cargo around the world. The M/V MSC Gayane, which was operated by a captain and more than 20 crew members, stopped at ports in South America, Central America, and the Caribbean before arriving at the Port of Philadelphia in June 2019.

2. Defendant NENAD ILIC was a crew member on the M/V MSC Gayane who, together with other crew members and co-conspirators, was involved in bulk cocaine smuggling. ILIC was the engineer cadet.

3. Crew members on the M/V MSC Gayane were recruited by co-conspirators to help smuggle the bulk cocaine onto the vessel during its voyage. Crew members communicated with co-conspirators using mobile "narco" phones to coordinate the bulk cocaine smuggling. Crew members operating the "narco" phones recruited other crew members while at sea to assist in physically bringing the cocaine onto the vessel and stashing the cocaine in the vessel's shipping containers.

4. On multiple occasions during the M/V MSC Gayane's voyage and while at sea, crew members helped load the bulk cocaine onto the vessel from speedboats that approached the vessel at night. Crew members used the vessel's crane to hoist cargo nets full of cocaine onto the vessel and then stashed the cocaine in the vessel's shipping containers.

5. Crew members on the M/V MSC Gayane attempted to avoid detection by others and prevent law enforcement scrutiny by, among other means, using tools of the drug smuggling trade, such as "narco" phones, ski masks, and fake seals for shipping containers,

hiding and destroying their tools, limiting their communications about drug smuggling, operating their drug smuggling scheme at night and on the high seas, engaging in acts of intimidation, and using other counter-surveillance and cover-up tactics.

All in violation of Title 46, United States Code, Sections 70506(b).

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 46, United States Code, Sections 70506(b), 70503(a)(1) and Title 21, United States Code, Section 960(b)(1)(B), set forth in this indictment, defendant

## NENAD ILIC

shall forfeit to the United States of America:

 (a) any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, including but not limited to any conveyance used as a common carrier which had prohibited merchandise on board; and

 (b) any property constituting, or derived from, proceeds obtained, directly or indirectly, from the commission of such violations.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

 (a) cannot be located upon the exercise of due diligence;

 (b) has been transferred or sold to, or deposited with, a third party;

 (c) has been placed beyond the jurisdiction of the Court;

 (d) has been substantially diminished in value; or

 (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to 21 U.S.C. § 853 and 46 U.S.C. § 70507.

**A TRUE BILL:**

_____
**FOREPERSON**

*Denise Wolfson*
**WILLIAM M. McSWAIN**
**UNITED STATES ATTORNEY**